# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

<table>
<tr><td>

In the Matter of the Marriage of

EVE H. SNIDER,

             Appellant,

    and

JUDAH STROUD,

             Respondent.

</td><td>

No. 77583-9-I

DIVISION ONE

PUBLISHED OPINION

FILED: December 3, 2018

</td></tr>
</table>

APPELWICK, C.J. — The parenting plan for the parties' children allocates residential time equally with each parent. Anderson filed a notice of intended relocation. Stroud successfully moved to prevent Anderson from relocating with the children. Anderson argues that the trial court erred by interpreting the child relocation act[1] (CRA) in a manner that prevents parents that share equal residential time from having a procedural mechanism to address the intended relocation of one parent. She also argues that the trial court should have made an adequate cause determination under the modification statute and that her proposed relocation is a minor modification. We affirm.

## FACTS

On April 22, 2015, the trial court entered a final agreed parenting plan while dissolving the marriage of Eve Snider Anderson[2] and Judah Stroud. Under the

---

[1] RCW 26.09.405-.560.

[2] Snider has remarried and her name has changed.

plan, Anderson and Stroud agreed to evenly split residential time with their two children with an "alternating 2-2-5-5 schedule" (50/50 residential schedule[3]). Each parent had the children every other weekend, and they transferred the children midweek every week.

On July 5, 2017, Anderson filed a notice of intended relocation under the CRA,[4] seeking to move the children with her to Winston Salem, North Carolina. She then filed a proposed parenting plan reflecting the intended relocation. Anderson planned to move to North Carolina to live with her new husband, who has resided there for nine years. She was also offered a job there.

Stroud opposed Anderson's intended relocation with the children. He filed an objection to the notice and a proposed parenting plan, in the event Anderson was permitted to move with the children. He also filed a motion for temporary orders to prevent Anderson from moving with the children.

On August 10, 2017, a commissioner denied Anderson's request to relocate. The order stated,

> The court finds that the case [I]n re Marriage of Worthley[,198 Wn. App. 419, 393 P.3d 859 (2017)] is persuasive in that there is no presumption in a 50/50 parenting plan and that neither parent can pursue relocation under the CRA and supporting case law. Petitioner shall not relocate the children.

---

[3] The parties describe their residential time with the children as "50/50." Their parenting plan also describes their residential time as "50/50": "Parents shall evenly split visitation with the children 50/50." Accordingly, we refer to the parties' parenting plan, and other parenting plans where the children reside with neither parent a majority of the time, as a "50/50 residential schedule."

[4] Under the CRA, "a person with whom the child resides a majority of the time" must provide notice of the proposed relocation. RCW 26.09.430. There is a rebuttable presumption that the relocation will be permitted. RCW 26.09.520.

(Italics added.) Anderson then filed a motion for reconsideration of the commissioner's ruling. The motion was denied.

Anderson next moved to revise the commissioner's ruling. In her motion, Anderson asked the trial court to find that the CRA applies to a 50/50 residential schedule, and that either parent to a 50/50 residential schedule may pursue relocation of the children. She argued that this court's decision in Worthley, "has stripped both parents and the children of statutory remedy to address the relocation of either parent and it actually interferes with the moving parent's fundamental right to travel and to parent the children." The trial court denied her motion.

On March 6, 2018, Anderson filed a petition to modify the parties' parenting plan to reflect her intent to relocate with the children to North Carolina.

Before petitioning to modify the parties' parenting plan, Anderson appealed the trial court's order on relocation, order on reconsideration, and order on revision.

## DISCUSSION

Anderson makes three main arguments. First, she argues that Worthley is not binding on this court. Second, she argues that even if this court finds Worthley persuasive, the trial court should have determined whether her proposed relocation "demonstrated adequate cause to modify the parenting plan." Third, she argues that the appropriate standard for analyzing a petition to modify a 50/50 residential schedule to allow relocation is the minor modification standard.

Statutory interpretation is a question of law that this court reviews de novo. State v. Gray, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). Our fundamental

3

objective in interpreting a statute is to ascertain and carry out the legislature's intent. Smith v. Moran, Windes & Wong, PLLC, 145 Wn. App. 459, 463, 187 P.3d 275 (2008). Where the meaning of a statute is plain on its face, we give effect to the plain meaning. Id. If a statute is ambiguous, we look to outside sources, such as legislative history, to determine legislative intent. Id. at 463-64. We will not interpret a statute in such a way as to render any portion meaningless or that results in strained meanings or absurd consequences. Id. at 464.

I.    Interpretation of CRA

Anderson argues that the trial court erred by interpreting the CRA in a manner that prevents parents from having a procedural mechanism to address the intended relocation of one parent. To do so, she argues first that Worthley, a Division II decision, is not binding on this court.

One division of the Court of Appeals is not bound by the decision of another division. In the Matter of the Pers. Restraint of Arnold, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018). Nor is one panel of the Court of Appeals bound by another panel, even in the same division. See, e.g., Grisby v. Herzog, 190 Wn. App. 786, 810-11, 362 P.3d 763 (2015) (stating a holding inconsistent with a panel in the same division). However, trial courts are bound by published decisions of the Court of Appeals. RCW 2.06.040; see also In re Pers. Restraint of Arnold, 198 Wn. App 842, 846, 369 P.3d 375 (2017) ("Under vertical stare decisis, courts are required to follow decisions handed down by higher courts in the same jurisdiction."), rev'd on other grounds, 190 Wn.2d 136, 410 P.3d 1133 (2018). The trial court properly followed Worthley below.

The CRA defines "relocate" as "a change in principal residence either permanently or for a protracted period of time." RCW 26.09.410(2). Under the statute, "a person with whom the child resides a majority of the time" must provide notice of a proposed relocation. RCW 26.09.430. The person proposing the relocation must provide his or her reasons for the intended relocation, and "[t]here is a rebuttable presumption that the intended relocation of the child will be permitted." RCW 26.09.520. A person entitled to object to the relocation may rebut this presumption "by demonstrating that the detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person," based upon eleven factors. RCW 26.09.520.

In Worthley, Division II held that the CRA does not apply to a proposed relocation that would modify a 50/50 residential schedule "to something other than joint and equal residential time."[5] 198 Wn. App. at 422. It looked at the plain and ordinary meaning of undefined terms, and defined "'principal'" as "'most important'" or "'influential,'" and "'majority'" as "'a number greater than half of a total.'" Id. at 426-27 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1802, 1363 (2002)). It reasoned that these definitions exclude 50/50 residential schedules, "because there is no 'most important or influential' or 'principal' residence and there

---

[5] Division III of this court also recently clarified that "[t]he CRA and its presumption permitting relocation apply only when the person relocating is 'a person with whom the child resides a majority of the time.'" In re Marriage of Jackson, 4 Wn. App. 2d 212, 220, 421 P.3d 477 (2018) (quoting RCW 26.09.430). Relying on Worthley, it stated that "[i]n situations where residential placement is shared, both parents are presumptively fit, and neither would be entitled to a favorable presumption." Id. at 220.

is no person with whom the child resides 'greater than half' or the 'majority of the time.'" Id. at 427.

Worthley also agreed with the argument that "it is consistent with the CRA and its statutory scheme to require a parent to prove adequate cause under the modification statute" when a proposed relocation will change a 50/50 residential schedule. Id. at 428. First, it explained that the policy section for chapter 26.09 RCW states that "the best interests of the child are served by parenting arrangements that best maintain a child's emotional growth, health, stability, and physical care." Id. at 428. Second, it found that the high burden of adequate cause under the modification statute, RCW 26.09.260(1), "fulfills the policy to maintain the existing pattern of the parent-child relationship to protect the best interest of the child." Id. at 429. Third, it found that when a proposed relocation would modify a 50/50 residential schedule, the focus should be on the child's best interest. See id. at 431. Fourth, it found that the modification requirements protect both parents. See id. at 432. Similar to the CRA, "nonrelocating parents have rights under the modification statute." Id. They can pursue sanctions or contempt if the relocating parent removes a child from their school district, can object to the relocating parent's decision by filing a petition for modification, and can move for a temporary order requiring the child to return. Id. at 432-33.

We agree with Worthley. In a 50/50 residential schedule, neither parent is "a person with whom the child resides a majority of the time," so neither parent is entitled to the CRA's presumption permitting relocation. RCW 26.09.430. This is the plain meaning of the language.

6

Since enactment of the Parenting Act of 1987, several policies have remained constant: RCW 26.09.002 as a policy matter favors stability for the children; RCW 26.09.187(3)(b) has allowed for substantially equal residential time with each parent under certain conditions; and RCW 26.09.260 has limited modifications of parenting plans to favor stability. See LAWS OF 1987, ch. 460, §§ 2, 9, 19. Yet, in 2000 when the CRA was enacted, the legislature chose to use the language "with whom the child resides a majority of the time" as the basis for which parents could initiate the CRA process. RCW 26.09.430. There can be no doubt the legislature made a policy choice that parents who entered into 50/50 residential schedules would not be eligible to use the CRA procedures.

Based on its plain meaning and legislative intent, the CRA does not apply to a proposed relocation when there is a 50/50 residential schedule.

## II.   Refusal to Find Adequate Cause to Modify

Anderson argues second that even if the CRA does not apply, the trial court should have determined whether her proposed relocation demonstrated adequate cause to modify the parenting plan. She argues that the trial court had everything before it to determine whether there was adequate cause, pointing out that both she and Stroud "asked the trial court to modify the parenting plan in their notice of intent to relocate and objection." She cites RCW 26.09.260(5), the subsection governing minor modifications, as the basis for the court's ability to make an adequate cause determination.

Anderson had not filed a petition to modify the parties' parenting plan under RCW 26.09.260.[6] Rather, she filed a notice of intended relocation under the CRA, which is governed by RCW 26.09.405-.560. A trial court is not entitled to grant a modification to a parenting plan sua sponte. See In re Marriage of Christel, 101 Wn. App. 13, 23-24, 1 P.3d 600 (2000) (holding that the trial court abused its discretion when the language in its order amounted to a modification of a parenting plan, rather than a clarification, when a clarification rather than a modification was pending). The trial court was under no obligation absent an appropriate petition to decide whether a major modification or minor modification was being sought, whether the appropriate threshold had been met, or to proceed to the merits.

The trial court did not err by not making an adequate cause determination, because no petition to modify the parenting plan was before the court.

III.    Minor versus Major Modification

Anderson argues next that if the CRA does not apply to 50/50 residential schedules, the applicable modification standard should be that of a minor modification under RCW 26.09.260(5) rather than a major modification under RCW 26.09.260(1). She asserts that a change to a 50/50 residential schedule is minor, because (1) it is based on a change of residence of the parent with whom the child does not reside a majority of the time, and (2) it will not change the residence the child is schedule to reside the majority of the time.

---

[6] On March 6, 2018, after appealing the trial court's order denying her motion to revise, Anderson petitioned the trial court to modify the parties' parenting plan under RCW 26.09.260. That petition is not before the court here.

Under RCW 26.09.260(5), a minor modification to the residential schedule is one that "does not change the residence the child is scheduled to reside in the majority of the time." The parenting plan here does not designate a parent with whom the children reside a majority of the time. The parties do not allege that they do not in fact follow the 50/50 residential schedule. So the correct answer to the question, "with whom do the children reside a majority of the time," would be, neither parent. Anderson's proposed minor modification would have the court change the answer to, Mom. While that would not be a change from Dad to Mom, it would be a change in where the children reside a majority of the time. That takes such a decision out of RCW 26.09.260(5), and places it under RCW 26.09.260(1) (major modification).

Second, she argues that applying the major modification standard to a parent's proposed relocation interferes with the moving parent's fundamental right to travel. She asserts that if a relocating parent with a 50/50 residential schedule cannot prove a basis for a major modification, the parent will be prevented from relocating, "because she is bound to a parenting plan that places the child equally in each parent's home regardless of the distance." She relies on In re Marriage of Momb, 132 Wn. App. 70, 82, 130 P.3d 406 (2006).

To satisfy the adequate cause burden for a major modification under RCW 26.09.260(1), the parent must make a threshold showing that, since the entry of the original plan, "a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child." RCW 26.09.260(1).

9

A substantial change in the circumstances of the moving party alone is not adequate. Anderson's desire to relocate would appear not to satisfy that threshold requirement. But, it does not mean that the modification statute or the CRA deny her right to travel.

Anderson relies on Momb for the proposition that this interpretation interferes with a parent's fundamental right to travel. This reliance is misplaced. In Momb, the trial court denied Momb's request to relocate with his child. 132 Wn. App. at 74. On appeal, Momb argued that the relocation statutes violated his right to travel. Id. at 82. This court disagreed. Id. It noted that the order entered by the trial court prevented the child from relocating, not Momb. Id. It explained that a child's constitutional rights may be treated differently than an adult's, "because of the peculiar vulnerability of children; their inability to make informed, mature, and critical decisions; and the importance of the parental role in child rearing." Id. Likewise here, if a trial court determined Anderson failed to meet the adequate cause burden for a major modification, it would not prevent her from traveling or relocating. Rather, it would prevent her from relocating her children.

The restrictions Anderson complains of were imposed by the parties on themselves when they chose to enter into a 50/50 residential schedule. The major modification standards and the CRA standards have not changed since that time. And, chapter 26.09 RCW has always promoted stability in the residential schedule for the children. See RCW 26.09.002 ("[T]he best interest of the child is ordinarily served when the existing pattern of interaction between a parent and child is altered only to the extent necessitated by the changed relationship of the

10

parents."). Anderson is not left without a remedy. She can move, Stroud can file a petition to modify their parenting plan under RCW 26.09.260(1) based on Anderson's change in circumstances, and she can respond. Anderson may not like the option she has, but it flows from the agreement she made with Stroud in the final agreed parenting plan, not from an unconstitutional statute or judicial error.

Third, she argues that once adequate cause is shown for a hearing on a petition to modify a parenting plan, the trial court should consider the RCW 26.09.520 factors in deciding whether to allow the relocation. She argues that the factors in RCW 26.09.260, the modification statute, and the factors in RCW 26.09.520, the CRA, "require similar considerations directed at the child's best interests."

As established above, the CRA does not apply to 50/50 residential schedules. See Worthley, 198 Wn. App. at 424. And, this court has found that "the focus should be on the child's best interest when a proposed relocation would result in a modification" of a 50/50 residential schedule. Id. at 431. The CRA factors focus on the interests of both the relocating parent and the child. See RCW 26.09.520. The modification statute "does not emphasize one parent's best interests but focuses on the child's best interests." Worthley, 198 Wn. App. at 431. The CRA factors are therefore not appropriate to consider when a parent's proposed relocation would modify a 50/50 residential schedule.

We recognize the difficult choice a parent faces when their desired relocation makes a 50/50 residential schedule impracticable. The CRA does not provide a presumption in favor of their intended relocation, and a substantial

11

change in the circumstances of the party wishing to relocate does not constitute adequate cause for a major modification initiated by that parent. These burdens flow from the agreement the parents made to evenly split residential time with their children, without also addressing the limitations in the statutes that come with that decision, not from judicial error.

We affirm.

WE CONCUR: